1  Howard Holderness, CA Bar No. 169814
   MORGAN, LEWIS & BOCKIUS LLP
2  1 Market Street, Spear Tower, 25th Floor
   San Francisco, CA 94105
3  (415) 442-1000 (Telephone)
   (415) 442-1001 (Facsimile)
4
   Charles L. Babcock, IV, TX Bar No. 01479500
5  JACKSON WALKER L.L.P.
   1401 McKinney, Suite 1900
6  Houston, Texas 77010
   Admitted Pro Hac Vice
7  (713) 752-4200
   (713) 752-4221
8
   George L. McWilliams
9  LAW OFFICE OF GEORGE L. MCWILLIAMS, P.C.
   TX Bar No. 13877000; AR Bar No. 68078
10 406 Walnut, P.O. Box 58
   Texarkana, ARK-TX 75504-0058
11 Admitted Pro Hac Vice
   (903) 277-0098 (Telephone)
12 (870) 773-2967 (Facsimile)
13
   Attorneys for Movant
14 RICHARD FRENKEL

15                UNITED STATES DISTRICT COURT
16                NORTHERN DISTRICT OF CALIFORNIA

17 ILLINOIS COMPUTER RESEARCH, LLC,        Miscellaneous Action No.
       Plaintiff and Counterclaim Defendant,   CV 5:08-mc-80075-JF (HRL)
18
19     vs.                                 **RICHARD FRENKEL'S MOTION
                                           FOR LEAVE TO SUBMIT
20 FISH & RICHARDSON P.C.,                 SUPPLEMENTAL
       Defendant, Counterclaimant and Third DECLARATIONS IN SUPPORT OF
21     Party Plaintiff,                    MOTION TO QUASH SUBPOENA
                                           AND FOR PROTECTIVE ORDER**
22     vs.
23 SCOTT C. HARRIS,                        Hon. Magistrate Judge Howard Lloyd
       Third-Party Defendant and
24     Counterclaimant

25     vs.

26 FISH & RICHARDSON P.C.,
       Defendant, Counterclaimant, Third
27     Party Plaintiff and Counterclaim
       Defendant
28

Richard Frenkel ("Frenkel"), a non-party to the underlying case,[1] respectfully requests leave to submit Supplemental Declarations of Richard Frenkel and Charles L. Babcock in Support of Motion to Quash Subpoena and for Protective Order, attached as Exhibit "A" and "B" to Babcock's Declaration. Frenkel will suffer prejudice if he does not have an opportunity to respond to certain false allegations made against him by Illinois Computer Research LLC ("ICR") and Scott C. Harris ("Harris") (collectively, "Issuers") for the first time in Issuers' Response to Frenkel's and Cisco's Motion to Quash ICR's Subpoena for Documents and Testimony ("Response") (N.D. Cal. Case 5:08-mc-80075-JF-HRL, docket no. 21). Accordingly, Frenkel seeks leave to correct and clarify the factual record, as Issuers have made numerous false claims that go to the heart of whether this Court should enforce their subpoena against Frenkel.

Frenkel's and Babcock's Supplemental Declarations respond to and refute the factually incorrect assumptions Issuers rely on to support their subpoena, including the allegations that "Frenkel had (and evidently still has) close ties with Fish, its head of litigation, Kathi Lutton, with John Steele and with now-dismissed defendant Google's Head of Patent and Patent Strategy, Michelle Lee" (he did not and does not); and that "the four of them were on the faculty of the Advanced Patent Law Institute" (true, but so were many others, and neither Lutton, Steele, nor Lee were on Frenkel's panel); and that he "appeared together [with Lutton and another Fish attorney, John Dragseth] on a May 30, 2007 webinar" (true, but he never discussed ICR, Harris, or the Chicago case with anyone at Fish, including Lutton and Dragseth); and that he was involved in a patent lawsuit in which "Fish (and

---

[1] *Illinois Computer Research LLC v. Fish & Richardson, P.C.*, pending in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 07 C 5081 ("the Chicago case").

1

RICHARD FRENKEL'S MOTION FOR LEAVE TO SUBMIT
SUPPLEMENTAL DECLARATIONS IN SUPPORT OF MOTION TO
QUASH SUBPOENA AND FOR PROTECTIVE ORDER

Lutton specifically) represented Cisco" (true, Frenkel is not directly involved in that litigation although a lawyer he supervises is, and in any event, he never discussed Issuers or the Chicago case with anyone at Fish); and that "Frenkel ... targeted Scott Harris, his lawyers and owners of the Harris patents in an effort to diminish the value of his patents, to discourage their enforcement and to force an assignment of the patent to Fish" (he did not), Response pp. 23-24. Frenkel Supp. Decl. ¶¶ 2-14. Moreover, Issuers falsely claim that Frenkel has not "seriously challenge[d] the relevance of the discovery ICR [and Harris] seeks [sic]" (he has, as evidenced in his Opposition to Issuers' (now-withdrawn) Motion to Compel, attached as Exhibit "A" to Babcock's Supplemental Declaration), Response p. 23. Babcock Supp. Decl. Ex. A.

Based on these and other untrue "facts," Issuers want Frenkel to produce documents and testify at a deposition so that they can determine whether "Fish or Google used Frenkel as a vehicle to aid or assist in the tortious interference with ICR's and Harris' licensing and enforcement of the Harris patents or in defaming Harris" (Frenkel had no involvement in such alleged interference or defamation nor did Fish or Google use him as "a vehicle" to do anything), Response p. 24. Frenkel Supp. Decl. ¶¶ 13.

When Frenkel filed his Motion to Quash and for Protective Order on April 7, 2008, he did not know why Issuers believed Frenkel possessed any knowledge or documents that were relevant to or reasonably calculated to lead to the discovery of admissible evidence in the Chicago case. Now that Issuers have attempted to elucidate some connection between Frenkel and the parties and purported facts at issue in the Chicago case – first articulated in their Motion to Compel filed on April 7, 2008 (N.D. Cal. Case 5:08-mc-80074-JF-HRL, docket no. 1) (since withdrawn) and now repeated and propped up by additional "facts" in their Response – it is clear that there simply is no connection.

It is no wonder, then, that Issuers take the position in their Response that it would be improper for Frenkel to submit new evidence in reply to their Response. Response pp. 9-10. But without an opportunity to respond to these false claims, Frenkel will suffer substantial harm and this Court will not have a full factual record on which to determine whether to quash the subpoena. The Court's Civil Local Rule 7-3(c), which governs reply briefs, allows Frenkel to include "affidavits and declarations" with his reply. N.D. Cal. Civil L.R. 7-3(c) ("Any reply to an opposition must be served and filed by the moving party not less than 14 days before the hearing date. *The reply may include affidavits or declarations*, as well as a supplemental brief or memorandum under Civil L.R. 7-4. ...") (emphasis added). Further, the Court has discretion whether to consider new evidence presented in support of a reply brief as long as the Court gives the opposing party an opportunity to respond, a response Frenkel welcomes. *See Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 979 (9th Cir. 2006) (holding that the district court did not err in considering evidence attached to reply brief because if the opposing party "desired to respond to the new material, it could have asked the district court for permission to do so"); *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-1041 (9th Cir. 2003) (holding that district court did not abuse discretion when it considered matters raised for the first time in reply brief); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Daghlian v. DeVry University, Inc.*, 461 F. Supp. 2d 1121, 1144 (C.D. Cal. 2006). Accordingly, this Court should grant Frenkel leave to submit his and Babcock's Supplemental Declarations.

Wherefore, premises considered, Richard Frenkel respectfully requests that the Court grant leave to allow him to submit the Supplemental Declarations of Richard Frenkel and Charles L. Babcock in Support of Motion to Quash Subpoena and for Protective Order.

1

2

3

4  Dated: April 29, 2008                MORGAN, LEWIS & BOCKIUS LLP

5                                       By  /s/ Howard Holderness
                                            Howard Holderness
6

7                                       Attorneys for Movant
                                        RICHARD FRENKEL
8

9  Dated: April 29, 2008                JACKSON WALKER L.L.P.

10                                      By  /s/ Charles L. Babcock
                                            Charles L. Babcock
11

12                                      Attorneys for Movant
                                        RICHARD FRENKEL
13

14 Dated: April 29, 2008                LAW OFFICE OF GEORGE L. MCWILLIAMS, P.C.

15
                                        By  /s/ George L. McWilliams
16                                          George L. McWilliams

17                                      Attorneys for Movant
                                        RICHARD FRENKEL
18

19

20

21

22

23

24

25

26

27

28