Howard Holderness, CA Bar No. 169814
MORGAN, LEWIS & BOCKIUS LLP
1 Market Street, Spear Tower, 25th Floor
San Francisco, CA 94105
(415) 442-1000 (Telephone)
(415) 442-1001 (Facsimile)

Charles L. Babcock, IV, TX Bar No. 01479500
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Admitted Pro Hac Vice
(713) 752-4200 (Telephone)
(713) 752-4221 (Facsimile)

George L. McWilliams
LAW OFFICE OF GEORGE L. MCWILLIAMS, P.C.
TX Bar No. 13877000; AR Bar No. 68078
406 Walnut, P.O. Box 58
Texarkana, ARK-TX 75504-0058
Admitted Pro Hac Vice
(903) 277-0098 (Telephone)
(870) 773-2967 (Facsimile)

Attorneys for Movant
RICHARD FRENKEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC,<br>    Plaintiff and Counterclaim Defendant,<br><br>        vs.<br><br>FISH & RICHARDSON P.C.,<br>    Defendant, Counterclaimant and Third<br>    Party Plaintiff,<br><br>        vs.<br><br>SCOTT C. HARRIS,<br>    Third-Party Defendant and<br>    Counterclaimant<br><br>        vs.<br><br>FISH & RICHARDSON P.C.,<br>    Defendant, Counterclaimant, Third<br>    Party Plaintiff and Counterclaim<br>    Defendant | Miscellaneous Action No.<br>CV 5:08-mc-80075-JF (HRL)<br><br>**DECLARATION OF CHARLES L.<br>BABCOCK IN SUPPORT OF<br>RICHARD FRENKEL'S MOTION<br>FOR LEAVE TO SUBMIT<br>SUPPLEMENTAL DECLARATIONS<br>IN SUPPORT OF MOTION TO<br>QUASH SUBPOENA AND FOR<br>PROTECTIVE ORDER** |

1

I, CHARLES L BABCOCK, declare and state as follows:

1. I am a partner with the law firm of Jackson Walker L.L.P. I am counsel for Richard Frenkel in the above-referenced matter.

2. A stipulation could not be reached with opposing counsel regarding Richard Frenkel's Motion for Leave to Submit Supplemental Declaration of Richard Frenkel in Support of Motion to Quash Subpoena and for Protective Order because they oppose the submission of such evidence in reply to their Response to Frenkel's and Cisco's Motions to Quash ICR's Subpoena for Documents and Testimony ("Response"). Response pp. 9-10

3. Attached as "Exhibit A" is a true and correct copy of Richard Frenkel's Supplemental Declaration in Support of Motion to Quash Subpoena and for Protective Order.

4. Attached as "Exhibit B" is a true and correct copy of Charles L. Babcock's Supplemental Declaration in Support of Motion to Quash Subpoena and for Protective Order.

5. I declare under penalty of perjury that the foregoing is true and correct. Executed on April 29, 2008.

Charles L. Babcock

DECLARATION OF CHARLES L BABCOCK IN SUPPORT OF
RICHARD FRENKEL'S MOTION FOR LEAVE TO SUBMIT
SUPPLEMENTAL DECLARATIONS IN SUPPORT OF MOTION TO
QUASH SUBPOENA AND FOR PROTECTIVE ORDER

**EXHIBIT  A**

1   Howard Holderness, CA Bar No. 169814
    MORGAN, LEWIS & BOCKIUS LLP
2   1 Market Street, Spear Tower, 25th Floor
    San Francisco, CA  94105
3   (415) 442-1000 (Telephone)
    (415) 442-1001 (Facsimile)
4

5   Charles L. Babcock, IV, TX Bar No. 01479500
    JACKSON WALKER L.L.P.
6   1401 McKinney, Suite 1900
    Houston, Texas  77010
7   Admitted Pro Hac Vice
    (713) 752-4200 (Telephone)
8   (713) 752-4221 (Facsimile)

9   George L. McWilliams
10  LAW OFFICE OF GEORGE L. MCWILLIAMS, P.C.
    TX Bar No. 13877000; AR Bar No. 68078
11  406 Walnut, P.O. Box 58
    Texarkana, ARK-TX  75504-0058
12  Admitted Pro Hac Vice
    (903) 277-0098 (Telephone)
13  (870) 773-2967 (Facsimile)

14
    Attorneys for Movant
15  RICHARD FRENKEL

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18  ILLINOIS COMPUTER RESEARCH, LLC,        Miscellaneous Action No.
         Plaintiff and Counterclaim Defendant,   CV 5:08-mc-80075-JF (HRL)
19
                                             **RICHARD FRENKEL'S
20          vs.                              SUPPLEMENTAL DECLARATION IN
                                             SUPPORT OF MOTION TO QUASH
21  FISH & RICHARDSON P.C.,                  SUBPOENA AND FOR PROTECTIVE
         Defendant, Counterclaimant and Third  ORDER**
22       Party Plaintiff,

23          vs.

24  SCOTT C. HARRIS,
         Third-Party Defendant and
25       Counterclaimant

26          vs.

27  FISH & RICHARDSON P.C.,
         Defendant, Counterclaimant, Third
28       Party Plaintiff and Counterclaim
         Defendant

                                        1.    RICHARD FRENKEL'S SUPPLEMENTAL DECLARATION IN
                                              SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR
                                              PROTECTIVE ORDER

1    I, RICHARD FRENKEL, declare and state as follows:

2    I make this supplemental declaration in support of my Motion to Quash Subpoena and for

3  Protective Order; and in support of Cisco Systems, Inc.'s Motion to Quash Subpoena Served on

4  Richard Frenkel and for Protective Order. I have personal knowledge of the following facts and,

5  if called as a witness, could and would testify thereto. I incorporate herein by reference my

6  Declaration in Support of Richard Frenkel's and Cisco's Systems, Inc.'s Motions to Quash

7  Subpoena and Motions for Protective Order filed on April 7, 2008 (N.D. Cal. Case 5:08-mc-

8  80075-JF-HRL, docket no. 6).

9    1.    I am one of a number of lawyers employed by Cisco Systems, Inc. ("Cisco") to

10  oversee the company's intellectual property litigation

11    2.    I have had no communication with Katherine Lutton ("Lutton"), John Steele

12  ("Steele"), John Dragseth ("Dragseth"), or anyone else at Fish & Richardson, P.C. ("Fish")

13  regarding Scott C. Harris ("Harris").

14    3.    I have had no communication with Lutton, Steele, Dragseth, or anyone else at Fish

15  regarding Illinois Computer Research ("ICR").

16    4.    I have had no communication with Lutton, Steele, Dragseth, or anyone else at Fish

17  regarding James Beauregard Parker ("Parker").

18    5.    I have had no communication with Lutton, Steele, Dragseth, or anyone else at Fish

19  regarding the Chicago litigation involving ICR, Fish, and Harris.

20    6.    I have had no communication with Lutton, Steele, Dragseth, or anyone else at Fish

21  regarding Raymond P. Niro ("Niro").

22    7.    I have had no communication with Lutton, Steele, Dragseth, or anyone else at Fish

23  regarding the Niro Scavone law firm.

24    8.    I have had no communication with Lutton, Steele, Dragseth, or anyone else at Fish

25  regarding Courtney Sherrer ("Scherrer").

26    9.    I have never met nor spoken to Dragseth, except for a single webinar on May 30,

27  2007 that we both participated in.

28

2.    RICHARD FRENKEL'S SUPPLEMENTAL DECLARATION IN
      SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR
      PROTECTIVE ORDER

10.    I have never met nor spoken to Steele.

11.    I have never met nor spoken to Michelle Lee ("Lee").

12.    I have had no communication with Lee or anyone else at Google regarding Harris; ICR; Parker; the Chicago litigation involving ICR, Fish, and Harris; Niro; the Niro Scavone law firm; or Sherrer.

13.    I did not have any involvement in the alleged tortious interference with ICR's and Harris' licensing and enforcement of the Harris patents or in allegedly defaming Harris nor did Fish or Google use me as "a vehicle" to do anything.  Moreover, I did not "target" Harris, his lawyers, or owners of the Harris patents.

14.    In mid-November 2007, it is my understanding that Cisco hired Fish to take over representation of Cisco in a patent infringement case pending in Delaware.  It is not true that I personally retained Fish on behalf of my employer, Cisco.  I was not even involved in the interviews of Fish, if there were any.  To the best of my knowledge, the Delaware litigation is the only litigation matter where Fish represents Cisco.  Although I do not have direct responsibility for this Delaware litigation involving Fish, I have been indirectly involved in that litigation.  I have supervised a Cisco lawyer who has direct involvement in the Delaware litigation.

15.    As author of the Patent Troll Tracker website ("PTT"), I had at the inception of the newsgathering process the intent to disseminate to the public the information I sought, gathered, or received in connection with the PTT.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2008.

_Richard Y. Frenkel_

_____

Richard Frenkel

3.     RICHARD FRENKEL'S SUPPLEMENTAL DECLARATION IN
       SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR
       PROTECTIVE ORDER

**EXHIBIT  B**

1  Howard Holderness, CA Bar No. 169814
   MORGAN, LEWIS & BOCKIUS LLP
2  1 Market Street, Spear Tower, 25th Floor
   San Francisco, CA  94105
3  (415) 442-1000 (Telephone)
   (415) 442-1001 (Facsimile)
4
5  Charles L. Babcock, IV, TX Bar No. 01479500
   JACKSON WALKER L.L.P.
6  1401 McKinney, Suite 1900
   Houston, Texas  77010
7  Admitted Pro Hac Vice
   (713) 752-4200 (Telephone)
8  (713) 752-4221 (Facsimile)
9
   George L. McWilliams
10 LAW OFFICE OF GEORGE L. MCWILLIAMS, P.C.
   TX Bar No. 13877000; AR Bar No. 68078
11 406 Walnut, P.O. Box 58
   Texarkana, ARK-TX  75504-0058
12 Admitted Pro Hac Vice
   (903) 277-0098 (Telephone)
13 (870) 773-2967 (Facsimile)
14
   Attorneys for Movant
15 RICHARD FRENKEL

16                      UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18 ILLINOIS COMPUTER RESEARCH, LLC,        Miscellaneous Action No.
       Plaintiff and Counterclaim Defendant,   CV 5:08-mc-80075-JF (HRL)
19
       vs.                                   **CHARLES L. BABCOCK'S**
20                                           **SUPPLEMENTAL DECLARATION IN**
   FISH & RICHARDSON P.C.,                   **SUPPORT OF MOTION TO QUASH**
21     Defendant, Counterclaimant and Third  **SUBPOENA AND FOR PROTECTIVE**
       Party Plaintiff,                      **ORDER**
22
       vs.
23
   SCOTT C. HARRIS,
24     Third-Party Defendant and
       Counterclaimant
25
       vs.
26
   FISH & RICHARDSON P.C.,
27     Defendant, Counterclaimant, Third
       Party Plaintiff and Counterclaim
28     Defendant

1      I, CHARLES L. BABCOCK, declare and state as follows:

2      I make this supplemental declaration in support of Richard Frenkel's Motion to Quash

3  Subpoena and for Protective Order; and in support of Cisco Systems, Inc.'s Motion to Quash

4  Subpoena Served on Richard Frenkel and for Protective Order. I have personal knowledge of the

5  following facts and, if called as a witness, could and would testify thereto.

6      1.    John Ward, Jr. has moved to dismiss, without prejudice, Richard Frenkel from the

7  Arkansas litigation, Case No. 08-4022 in the United States District Court, Western District of

8  Arkansas.

9      2.    Attached hereto as "Exhibit A" is a true and correct copy of Richard Frenkel's

10  Opposition to Motion Under Fed.R.Civ.P. 45 of Illinois Computer Research LLC and Scott C.

11  Harris to Compel Richard Frenkel's Deposition and Document Production in April 2008 filed on

12  April 21, 2008 (N.D. Cal. Case 5:08-mc-80074-JF-HRL, docket no. 15).

13      I declare under penalty of perjury that the foregoing is true and correct.

14  Executed on April 29, 2008.

15

16            Charles L. Babcock

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT  A

1 | Howard Holderness, CA Bar No. 169814
MORGAN, LEWIS & BOCKIUS LLP
2 | 1 Market Street, Spear Tower, 25th Floor
San Francisco, CA 94105
3 | (415) 442-1000 (Telephone)
(415) 442-1001 (Facsimile)

4

Charles L. Babcock, IV, TX Bar No. 01479500
5 | JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
6 | Houston, Texas 77010
Admitted Pro Hac Vice
7 | (713) 752-4200
(713) 752-4221

8

9 | George L. McWilliams
LAW OFFICE OF GEORGE L. MCWILLIAMS, P.C.
10 | TX Bar No. 13877000; AR Bar No. 68078
406 Walnut, P.O. Box 58
11 | Texarkana, ARK-TX 75504-0058
Admitted Pro Hac Vice
12 | (903) 277-0098 (Telephone)
(870) 773-2967 (Facsimile)
13

14 | Attorneys for Respondent
RICHARD FRENKEL

15 | UNITED STATES DISTRICT COURT

16 | NORTHERN DISTRICT OF CALIFORNIA

17 | ILLINOIS COMPUTER RESEARCH, LLC,
    Plaintiff and Counterclaim Defendant,
18

19 | vs.

20 | FISH & RICHARDSON P.C.,
    Defendant, Counterclaimant and Third
    Party Plaintiff,
21

22 | vs.

23 | SCOTT C. HARRIS,
    Third-Party Defendant and
    Counterclaimant
24

25 | vs.

26 | FISH & RICHARDSON P.C.,
    Defendant, Counterclaimant, Third
    Party Plaintiff and Counterclaim
27 | Defendant

28

Miscellaneous Action No.
CV 5:08-mc-80074-JF (HRL)

**RICHARD FRENKEL'S
OPPOSITION TO MOTION
UNDER FED.R.CIV.P. 45 OF
ILLINOIS COMPUTER
RESEARCH LLC AND SCOTT C.
HARRIS TO COMPEL RICHARD
FRENKEL'S DEPOSITION AND
DOCUMENT PRODUCTION IN
APRIL 2008**

Noticed hearing date and time: May 13,
2008 at 10:00 a.m.

Hon. Magistrate Judge Howard Lloyd

RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER
FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008

# **TABLE OF CONTENTS**

I.    STATEMENT OF ISSUES - N.D. CAL. CIVIL L.R. 7-4(A)(3) ...........................1

II.   INTRODUCTION .........................................................................................1

III.  STATEMENT OF FACTS .............................................................................4

    A.    BACKGROUND FACTS ......................................................................4

    B.    SUBPOENA FACTS ...........................................................................7

    C.    THE CHICAGO CASE .......................................................................8

IV.   ARGUMENT ..............................................................................................10

    A.    MOVANTS HAVE FAILED TO ESTABLISH THE
        RELEVANCY OF THE TESTIMONY AND DOCUMENTS
        SOUGHT. ...........................................................................................11

        1.    The Testimony and Documents Sought Have No Relevancy
              to the Chicago Case.............................................................11

        2.    Certain Requests for Testimony and Documents Call For
              Information Not Relevant to the Chicago Case But Which
              May Be at Issue In the Arkansas and Texas Litigation...................15

    B.    THE MOTION TO COMPEL SEEKS DISCLOSURE OF
        PRIVILEGED AND PROTECTED MATERIAL.......................................16

        1.    The Reporter's Privilege and California Shield Law.....................16

        2.    The Attorney Client Privilege and the Work Product Rule. ..........17

    C.    THE DISCOVERY SOUGHT FROM FRENKEL AS A NON-
        PARTY IS UNDULY BURDENSOME...................................................18

    D.    TIMING OF THE DEPOSITION..........................................................20

V.    CONCLUSION ............................................................................................20

RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER
FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
DEPOSITION AND DOCUMENT  PRODUCTION IN APRIL 2008

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Ameristar Jet Charter, Inc. v. Signal Composites,  Inc.*, 244 F.3d 189
    (1st Cir. 2001) ...................................................................................... 14

*Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329
    (N.D. Cal. 1995)......................................................................... 14, 19

*Dart Industries Co. v. Westwood Chemical Co.*, 649 F.2d 646 (9th Cir. 1980).......... 13, 21

*Herbert v. Lando*, 441 U.S. 153 (1979) ........................................................ 18

*Hickman v. Taylor*, 329 U.S. 495 (1947) ...................................................... 13

*Jaffee v. Redmond*, 518 U.S. 1 (1996) ......................................................... 18

*Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422
    (Fed. Cir. 1993)................................................................. 13, 14, 21

*Laxalt v. C.K. McClatchy*, 116 F.R.D. 455 (D. Nev. 1986)................................. 13

*Mannington Mills, Inc. v. Armstrong World Ind., Inc.*, 206 F.R.D. 525
    (D. Del. 2002) .................................................................................. 14

*Mattel, Inc. v. Walking Mt. Products*, 353 F.3d 792 (9th Cir. 2003)................................ 20

*Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318 (Fed. Cir. 1990) ..................... 14, 15

*Shoen v. Shoen*, 5 F.3d 1289 (9th Cir. 1993) .................................................. 17

*Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625 (9th Cir. 2005) ................. 13

*U.S. v. Santiago-Lugo*, 904 F. Supp. 43 (D.P.R. 1995) ..................................... 17

### **STATE CASES**

*In re Coan*, No. C 06-80350 MISC SI, 2007 WL 128010
    (N.D. Cal. Jan. 12, 2007) ................................................................. 21

*Doe v. Cahill*, 884 A.2d 451 (Del. S. Ct. 2005)................................................. 6

*Jack Frost Laboratories, Inc. v. Physicians & Nurses Manufacturing Corp.*,
    No. 92-CV-9264, 1994 WL 9690 (S.D.N.Y. Jan. 13, 1994) ..................... 14

*Nidec Corp. v. Victor Co. of Japan*, No. C-05-0686, 2007 WL 1994171
    (N.D. Cal. July 5, 2007).................................................................... 20

RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER
FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
DEPOSITION AND DOCUMENT  PRODUCTION IN APRIL 2008

*Seabulk Towing, Inc. v. Oceanografia S.A., No. MISC. 01-3791*, 2002 WL
    1837855 (E.D. La. 2002) ............................................................. 13

## FEDERAL STATUTES

Fed. R. Civ. P. 26(b) ......................................... 3, 11, 12, 13, 15, 16, 20

Fed. R. Evid. 201 ........................................................................... 9

## STATE STATUTES

Cal. Civ. Pro. Code § 1986.1 ........................................................ 18

Cal. Const. Art. I § 2(b) ............................................................... 18

Cal. Evid. Code § 1070(a) ............................................................ 18

## MISCELLANEOUS

Anonymous, Beowulf (Signet Classic 1999 ed.) (circa 700-800) ...................... 6

Anonymous, Primary Colors: A Novel of Politics (Random House 1996) ............... 6

The Federalist Papers (Penguin 1987 ed.) (1788) ................................... 6

N.D. Cal. Civil L.R. 37-2 ..................................................... 11, 12, 15

## I.    <u>STATEMENT OF ISSUES - N.D. CAL. CIVIL L.R. 7-4(A)(3)</u>

1.    Whether the non-party witness, Richard Frenkel, who has made a prima facie showing that he has no relevant knowledge or information which would reasonably lead to the discovery of admissible evidence regarding the underlying lawsuit and where the information may be sought from him for an improper purpose because it may be relevant to two pending lawsuits against him brought by different parties regarding different allegations in different jurisdictions and where the subpoena duces tecum served on him is overbroad and burdensome and calls for privileged information, should be compelled to testify and produce documents.

2.    Whether the non-party witness, Richard Frenkel, who is an attorney employed by Cisco Systems, Inc., should be made to testify about and produce documents which are covered by the Attorney Client Privilege and the Work Product Rule.

3.    Whether the non-party witness, Richard Frenkel, who is the author of a news-oriented website called the Patent Troll Tracker, should be forced to testify and produce documents about news articles he has published as well as his sources of information, methods of reporting and background material, because these matters are protected from compelled disclosure by federal and state statutory, common and constitutional law.

## II.    <u>INTRODUCTION</u>

Richard Frenkel ("Frenkel"), a non-party to the underlying case,[1] respectfully submits this memorandum in opposition to the Motion to Compel Richard Frenkel's Deposition and Document Production in April 2008 ("Motion to Compel") filed by

---

[1] *Illinois Computer Research LLC v. Fish & Richardson, P.C.*, pending in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 07 C 5081 (the "Chicago case").

RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER
FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008

1   Illinois Computer Research, L.L.C. ("ICR") and Scott C. Harris ("Harris") (collectively,

2   "Movants") on April 7, 2008.

3       Movants served Frenkel[2] with a subpoena calling for information that is privileged

4   and, in any event, does not appear on its face to be relevant to or reasonably calculated to

5   lead to the discovery of admissible evidence.  Indeed, the evidence sought appears to be

6   sought for purposes of related cases in Arkansas and Texas[3] where Frenkel and his

7   employer Cisco Systems, Inc. ("Cisco") are parties but the parties and counsel to the

8

9   Chicago case are not.  Both Frenkel and Cisco filed motions to quash and for a protective

10  order and Frenkel provided detailed objections to the request for documents.

11      Despite self-serving and conclusory allegations such as "Frenkel's deposition

12  testimony is important to the case" (Motion to Compel p. 2), the Movants have not

13  complied with this court's Local Rule 37-2 which requires an explanation of the relevance

14  of the subpoenaed testimony and documents and a description of how Movants have

15  satisfied Rule 26(b)(2)'s limitations on the scope of discovery.  Movants' statement that

16

17  they seek only "a limited deposition … to establish the acts he [Frenkel] performed and

18  his relationship with Fish" (Motion to Compel p. 7) is belied by the subpoena topics

19  which require Frenkel to testify about and produce documents regarding all aspects of

20

21  Frenkel's publishing activities of the Patent Troll Tracker ("PTT"), a news-oriented

22  website he authors.

23

24  [2] The subpoena actually was left on his home doorstep on a Saturday.  Frenkel Decl. ¶ 11.

25  [3] *John Ward, Jr. v. Cisco Systems, Inc. and Rick Frenkel*; Cause No. 08-4022 in the
    United States District Court, Western District of Arkansas, Texarkana Division; and *Eric*
26  *Albritton v. Cisco Systems, Inc. and Richard Frenkel*; Cause No. 6:08-cv-89 in the United
    States District Court for the Eastern District of Texas, Tyler Division ("the Arkansas and
27  Texas litigation").

28

                                        2                RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER
                                                         FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
                                                         SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
                                                         DEPOSITION AND DOCUMENT  PRODUCTION IN APRIL 2008

1    As best we can tell, the Motion to Compel rests on the factually incorrect

2    assumptions that "Frenkel admittedly has close ties to Fish & Richardson" ("Fish"),

3    defendant in the Chicago case, (he does not); and that the association is "clear" (it is not);

4    and that he "[spoke] with its lawyers" (true but in the context of Fish's representation of

5    Cisco and not about the Chicago case); and that he "organiz[ed] legal education

6    programs" (Frenkel appeared on a single CLE "webinar" panel with a Fish lawyer, Kathi

7    Lutton, and others and did not organize the event); and that he retain[ed] "Fish on behalf

8    of his employer" (not true although Fish represents Cisco in one and only one case where

9    Frenkel is indirectly involved as in-house counsel), Motion to Compel p. 4.  Frenkel Decl.

10   ¶¶ 12-14, 19-25.

11   Based on these untrue "facts," Movants want to know "what Frenkel discussed

12   with Fish attorneys about this case" (nothing); and "if Frenkel was working with Fish in

13   creating adverse publicity against [Movants] … on the Patent Troll Tracker website" (no),

14   Motion to Compel p. 5.  Frenkel Decl. ¶¶ 12, 19-25.  The subpoena is, of course, much

15   broader and seeks wide ranging information about the Patent Troll Tracker.  Furthermore,

16   we are informed and believe that discovery in the Chicago case has put Movants on notice

17   that Frenkel, consistent with his declaration in this matter, had no involvement with the

18   Fish firm whatsoever regarding the Chicago case.  We invite Movants to contradict our

19   informed belief with evidence.

20   What the court is left with is that Frenkel wrote matters displeasing to Movants

21   and their counsel on the PTT.  For this they have attempted to create an excuse to take his

22   deposition.  The subpoena raises not only issues of harassment and abuse, but also the

23   right of speakers to publish their views free of legally imposed inquiry from and by the

3

1    subjects of the articles when, as non-parties, they have no connection to the underlying

2    litigation.

3        The testimony sought may have relevance to the Arkansas and Texas litigation.

4    The Arkansas and Texas litigation involve claims that Frenkel published defamatory

5    statements on the PTT.  Because portions of the discovery sought have no apparent

6    relevance to the Chicago case but may have relevance to the Arkansas and Texas

7    litigation, Frenkel fears that Movants' true motivation for issuing the subpoena and

8    seeking to compel discovery is to circumvent the discovery orders of the Arkansas and

9    Texas courts.  Such conduct is a clear abuse of the subpoena power.

**III.    STATEMENT OF FACTS**

   A.    BACKGROUND FACTS

       ICR is the plaintiff/counterclaim defendant and Harris is the third-party defendant

   and counterclaimant in the Chicago case.  On March 29, 2008, Movants served a

   subpoena from this Court to Frenkel, who resides in this federal district.[4]  Frenkel Decl. ¶¶

   11-12.  (A copy of the subpoena is attached as Exhibit A-1 to Frenkel's Declaration and is

   incorporated by reference.)  Frenkel, an employee of Cisco, is the author of the PTT, a

   news-oriented website that reports on news about intellectual property litigation and

   advocates for reform of the patent law system.  Frenkel Decl. ¶¶ 3-4, 9.  Neither Frenkel

   nor Cisco are parties to the Chicago case.

---

[4] The subpoena was not technically served.  It was left on Frenkel's doorstep at his home
on a Saturday.  Frenkel Decl. ¶ 11.  Frenkel is not aware of any other "attempts at service"
– much less "numerous" attempts – as Movants claim occurred (Motion to Compel p. 2),
and Movants do not cite any evidence that such "numerous attempts at service" occurred.
*Id.*

RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER
FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
DEPOSITION AND DOCUMENT  PRODUCTION IN APRIL 2008

Frenkel is an attorney employed by Cisco as a Director, Intellectual Property--Consumer and Emerging Technologies and as such oversees certain litigation involving the company. *Id.* at ¶¶ 1-2. Contrary to Movants' assertion (Motion to Compel p. 4), Frenkel is not "the Director of Intellectual Property" at Cisco; rather, he is one of a number of lawyers employed by Cisco to oversee the company's intellectual property litigation. Frenkel Decl. ¶ 2. It also is not true that Frenkel "retain[ed] Fish on behalf of his employer, Cisco" (Motion to Compel p. 4). Frenkel Decl. ¶ 14. Further, Fish has represented Cisco in only one lawsuit – not "several lawsuits" (Motion to Compel p. 5) – and Frenkel has been only indirectly involved in that lawsuit. Frenkel Decl. ¶ 14.

Starting in May of 2007, Frenkel created the PTT to report on issues of interest to the patent community and the general public. *Id.* at ¶ 3. The PTT advocates reform of the patent law system; it does not "systematically attack[] judges, lawyers and parties to lawsuits," as Movants claim (Motion to Compel p. 2). Frenkel Decl. ¶ 3-5, 9. Initially, postings on the PTT were not signed.[5] *Id.* at ¶ 3.

---

[5] This is hardly unusual as "internet speech is often anonymous." *See Doe v. Cahill*, 884 A.2d 451, 456 (Del. S. Ct. 2005). As the Delaware Supreme Court noted: "Many participants in cyberspace discussions employ pseudonymous identities, and, even when a speaker chooses to reveal her real name, she may still be anonymous for all practical purposes. For better or worse, then, 'the audience must evaluate [a] speaker's ideas based on her words alone.' 'This unique feature of [the internet] promises to make public debate in cyberspace less hierarchical and discriminatory' than in the real world because it disguises status indicators such as race, class, and age." *Id.* (citations omitted). Nor is anonymous speech a new phenomenon but has been employed as a literary device throughout history. *See, e.g.*, ANONYMOUS, BEOWULF (Signet Classic 1999 ed.) (circa 700-800) (epic poem written by anonymous author between the eighth and ninth centuries); THE FEDERALIST PAPERS (Penguin 1987 ed.) (1788) (series of 85 anonymously published articles advocating ratification of the U.S. Constitution subsequently revealed to be authored by James Madison, Alexander Hamilton, and John Jay); ANONYMOUS, PRIMARY COLORS: A NOVEL OF POLITICS (Random House 1996) (political novel published anonymously but later revealed to be written by journalist Joe Klein).

RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008

1    Movants' counsel, Raymond Niro ("Niro"), a lawyer specializing in intellectual

2  property disputes, including patent cases, has a contrary editorial viewpoint that competes

3  with the PTT. *Id.* at ¶¶ 6-7. The two attorneys have traded lively, and sometimes heated,

4  exchanges over patent issues; Niro in interviews with the press, and Frenkel on his

5  website. *Id.* at ¶ 6. Niro publicly alleged that a death threat aimed at him and his family

6  was sponsored by the PTT, an allegation Frenkel denied. *Id.* at ¶ 7. Niro also established

7  a reward for anyone who would unmask the identity of the person behind the PTT, raising

8  it from an initial offer of $5000 to $10,000 and finally $15,000 before Frenkel revealed

9  himself as the author of the PTT. *Id.* at ¶¶ 7-8. The reward, we understand, remains

10  unclaimed. *Id.* at ¶ 8.

11    Niro was a guest on an internet radio program ("Lawyer 2 Lawyer") on March 27,

12  2008, and repeated his criticisms of Frenkel's website, announcing that "I am going to be

13  taking his deposition in a case shortly." *Id.* at ¶ 10. He also made reference to the

14  Arkansas and Texas litigation where Frenkel and Cisco are defendants, stating that "I

15  know Johnny Ward (the Arkansas Plaintiff) very well and I know Eric [Albritton] (the

16  Texas plaintiff) too." *Id.* He then commented on the litigation in a way unfavorable to

17  Frenkel. *Id.*

18    Frenkel and Cisco are defendants in litigation filed in Arkansas and Texas federal

19  courts over an October 18, 2007, PTT posting which is claimed to be defamatory. *Id.* at

20  ¶ 9. An initial scheduling conference has been set for the Texas case on June 5, 2008.

21  Cisco and Frenkel have recently moved the Arkansas court to dismiss, or in the

22  alternative, to transfer the Arkansas action to Texas and those motions are pending.

B.    SUBPOENA FACTS

The subpoena at issue was left on Frenkel's doorstep at his home on Saturday, March 29, 2008 (two days after Niro told his radio audience that he was going to take Frenkel's deposition).  Frenkel Decl. ¶¶ 10-11.

The subpoena calls for Frenkel to provide information about the Troll Tracker, including:  "Factual bases for Patent Troll Tracker blog articles" (Request No. 5); "Investigative materials, sources for, and procedure for Patent Troll Tracker blog articles …" (Request No. 6); "The origin and history of the Patent Troll Tracker blog" (Request No. 8); and "The decisions on subjects, including but limited to Scott Harris, Raymond P. Niro, NSHN, James B. Parker, Courtney Sherrer, addressed in the Patent Troll Tracker blog" (Request No. 9).  The subpoena also calls for "Communications with Kathi Lutton[6] concerning … Fish and Richardson …" (Request No. 1) and "All lawsuits where Fish was retained by Cisco for representation, including any in which Kathi Lutton filed an appearance" (Request No. 4).  Frenkel Decl. ¶ 12, Ex. A-1.

An attorney for Frenkel, George L. McWilliams ("McWilliams"), has conferred with Movants' counsel, but agreement on the scope of the subpoena could not be reached.  Babcock Decl. ¶ 2.  Frenkel served objections to the subpoena upon ICR and Harris on April 7, 2008, and those objections are fully incorporated herein by reference.  Babcock Dec. ¶ 3, Ex. B-1.

The subpoena called for document production on April 7, 2008, and Frenkel's deposition on April 8, 2008.  Frenkel Decl. ¶ 12, Ex. A-1.  McWilliams promptly

---

[6] Kathi Lutton ("Lutton") is a partner at Fish.  ICR Amended Complaint at § 11, p. 4 ("Fish partner Kathi Lutton...wanted to get Dell as a client.") (as excerpted).  Babcock Decl. ¶ 4, Ex. B-2.  We understand she was recently deposed in the Chicago case.  *Id.*

RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER
FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008

contacted counsel for Movants, Karen Blouin ("Blouin"), and advised her that Frenkel and

Cisco would be filing responsive motions to the subpoena.  Motion to Compel Ex. D.  In

response, on April 3, 2008, Blouin acknowledged that Frenkel would be filing the Motion

to Compel and stated that "[w]e realize due to the delay in service there is not sufficient

time for you to prepare for the deposition on the originally noticed date.  We want to be

sure that you have adequate time to prepare, and will take the deposition anytime after

April 20."  *Id.*  In response, McWilliams stated that Frenkel's deposition date would

depend on the Court's ruling on the responsive motions that would be filed.  *Id.*  On April

4, 2008, McWilliams notified Blouin that Frenkel would file the motions regarding the

subpoena on April 7, 2008.  *Id.*

On April 7, 2008, just hours before Frenkel filed his Motion to Quash and

Memorandum of Points and Authorities ("Frenkel's Motion to Quash") and Cisco filed its

Motion to Quash and Memorandum of Points and Authorities ("Cisco's Motion to

Quash"), Movants filed the instant Motion to Compel.

C.    THE CHICAGO CASE

In the Chicago case, ICR sued Google for alleged infringement of the so-called

"252" patent.[7]  On October 5, 2007, ICR amended its lawsuit to add Fish as a defendant.

Google was dismissed with prejudice.  ICR claims Fish tortiously interfered with ICR's

prospective economic advantage by claiming ownership in the 252 patent and by

threatening a key witness, the inventor of the 252 patent who, it turns out, was an

employee (and perhaps a principal) of Fish – Harris.  The law firm is also said to have

---

[7] We request the Court to take judicial notice of all pleadings and supporting materials in
the Chicago case.  FED. R. EVID. 201.

8

RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER
FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008

accessed privileged communications between Harris and his counsel, Niro of Niro,

Scavone, Haller and Niro ("NSHN").

Fish counterclaimed against ICR and added Harris as a third party defendant.  As

to Harris, the law firm claims that:

> While a principal of Fish & Richardson, Mr. Harris:  (a) obtained and
>
> prosecuted numerous patents for his own benefit with misappropriated
>
> Firm resources and in violation of his duties to the Firm; (b) specifically
>
> targeted Firm clients for lawsuits on the patents; (c) purported to sell the
>
> patents for his own personal gain to parties that he knew would sue Firm
>
> clients; and (d) pledged to assist in those lawsuits against Firm clients and
>
> likely retained a financial interest in the proceeds of those suits.

Fish Third Party Complaint, § 6 at pp. 2-3 (as excerpted).  Babcock Decl. ¶ 5, Ex. B-3.

Fish alleges Breach of Contract against Harris (Count I), Breach of Fiduciary Duty

against Harris (Count II), Declaratory Judgment Against ICR and Harris (Count III); and

Constructive Trust against ICR and Harris (Count IV).  Harris then Counterclaimed

against Fish asserting claims for tortious interference with prospective economic

advantage, defamation and a claim for wrongful withholding of wages under California

law.

The connection of the Chicago case to either Frenkel or Cisco is not apparent from

a review of the live pleadings.  What can be discerned, however, is that Movants' counsel,

Niro, appears to have some animus toward Frenkel, although Niro denied this in his radio

remarks.  Niro offered a reward to anyone who would uncover the identity of the author of

the PTT, but Frenkel unmasked himself, so Niro claims the reward was never collected.

Frenkel Decl. ¶¶ 7-8.

9

1    In any event, Niro claimed in a pleading in the Chicago case (erroneously) that the

2    PTT "has launched numerous attacks on the Niro firm and Harris" resulting "in the

3    posting of a death threat against Mr. Niro and separate calls for vigilante action against

4    him, his partners and their families…" which "is creating prejudice to Mr. Harris'

5    counsel." Harris and ICR Motion to Proceed With Discovery ("Motion to Proceed"), § 4

6    at p. 2 (as excerpted). Babcock Decl. ¶ 6, Ex. B-4. The only cited relationship to the

7    Chicago case is that, according to Movants, Frenkel "is now identified as a close associate

8    of Fish." *Id.* The last accusation is not true. Frenkel Decl. ¶ 13.

9

10   **IV.    ARGUMENT**

11   The Court should deny the Motion to Compel because Movants have failed to

12   establish that the discovery they seek from Frenkel is relevant to the Chicago case or

13   reasonably calculated to lead to admissible evidence in the Chicago case. FED. R. CIV. P.

14   26(b). Movants rely solely on attorney argument and provide absolutely no evidence

15   whatsoever that would entitle them to discovery of the testimony and documents they

16   seek. Accordingly, Movants fail to satisfy their burden under Rule 26 by failing to

17   establish the discovery's relevance to the Chicago case and have violated Local Rule 37-2

18   by failing to explain why they are entitled to the requested discovery and by failing to

19   explain how they have satisfied Rule 26(b)(2)'s limitations on the scope of discovery. *Id.*;

20   N.D. Cal. Civil L.R. 37-2. In addition, portions of the subpoena seek information that

21   may be relevant to the Arkansas and Texas litigation but have no apparent relevance to the

22   Chicago case. Consequently, Frenkel fears that the subpoena is being used to improperly

23   circumvent the discovery orders and limitations of the Arkansas and Texas courts – an

24   abuse of the subpoena power.

25

26

27

28

RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER
FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008

1    Moreover, the Court should deny the Motion to Compel because the subpoena

2    seeks to compel Frenkel, a non-party lawyer-journalist, to provide testimony and produce

3    documents protected from discovery by the Reporter's Privilege doctrine, the California

4    Shield Law, the Attorney Client Privilege, and the Work Product Rule.  In addition,

5    Movants' requests for testimony and documents are unduly burdensome.

6

7    For each of these reasons, Frenkel respectfully requests that the Court deny

8    Movants' Motion to Compel.

9    A.    MOVANTS HAVE FAILED TO ESTABLISH THE RELEVANCY OF

10   THE TESTIMONY AND DOCUMENTS SOUGHT.

11   As demonstrated below, Movants seek testimony and documents that are not

12   relevant to the Chicago case nor reasonably calculated to lead to the discovery of

13   admissible evidence in the Chicago case.  Moreover, what may be afoot is that the

14   subpoena and Motion to Compel are being used for the improper purpose of conducting

15   discovery in the Arkansas and Texas litigation.  Accordingly, the Court should deny the

16   Motion to Compel.

17

18   1.    The Testimony and Documents Sought Have No Relevancy to the

19   Chicago Case.

20   Movants argue "[t]he discovery sought [from Frenkel] is directly relevant and

21   central to the tortious interference claim" in the Chicago case.  Motion to Compel at 8.

22   Such conclusory attorney argument is insufficient to establish that the information sought

23   is relevant or calculated to lead to the discovery of admissible evidence.  N.D. Cal. Civil

24   L.R. 37-2 ("[The party requesting discovery] must detail the basis for the party's

25   contention that it is entitled to the requested discovery and must show how the

26   proportionality and other requirements of Federal Rule of Civil Procedure 26(b)(2) are

27

28

11

1   satisfied."); *Seabulk Towing, Inc. v. Oceanografia S.A.*, No. MISC. 01-3791, 2002 WL

2   1837855, *3 (E.D. La. 2002) ("The mere conclusory statement that such discovery is

3   relevant is insufficient."). Babcock Decl. ¶ 7, Ex. B-5. Movants' subpoena and

4   corresponding Motion to Compel is based on nothing more than a mere suspicion or

5   speculation that Frenkel was somehow involved in Fish's alleged tortious interference

6   with ICR's licensing activity. Accordingly, the Motion to Compel should be denied.

7

8           Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain

9   discovery regarding any matter, not privileged, which is *relevant* to the subject matter

10  involved in the pending action. …" (emphasis added). Although relevancy for purposes

11  of discovery is broadly construed, the right to discovery is not unlimited. *See Hickman v.

12  Taylor*, 329 U.S. 495, 507-08 (1947); *Surfvivor Media, Inc. v. Survivor Productions*, 406

13  F.3d 625, 635 (9th Cir. 2005) (upholding magistrate judge's order limiting discovery

14  based on relevance); *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424

15  (Fed. Cir. 1993) ("Relevancy for the purposes of Rule 26 is broadly construed. …

16  However, the potential for discovery abuse is ever-present, and courts are authorized to

17  limit discovery to that which is proper and warranted in the circumstances of the case.")

18  (citation omitted). This is especially true when discovery is sought from nonparties to

19  litigation. Indeed, it is "well established that nonparties to litigation enjoy greater

20  protection from discovery than normal parties." *Laxalt v. C.K. McClatchy*, 116 F.R.D.

21  455, 458 (D. Nev. 1986); *see Dart Industries Co. v. Westwood Chemical Co.*, 649 F.2d

22  646, 649 (9th Cir. 1980) (holding that discovery should be "limited" in order to "protect"

23  non-parties from "harassment, inconvenience, or disclosure of confidential documents").

24  As one court recognized, "the most obvious burden is borne by the non-party witness, and

25  we are instructed to be particularly sensitive to any prejudice to non-litigants drawn

26

27

28
                                                12

RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER
FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008

against their will into the legal disputes of others." *Jack Frost Lab., Inc. v. Physicians & Nurses Mfg. Corp.*, No. 92-CV-9264, 1994 WL 9690, at *2 (S.D.N.Y. Jan. 13, 1994). Babcock Decl. ¶ 8, Ex. B-6.

The party seeking discovery has the burden to demonstrate that the information sought is relevant and necessary. *Katz*, 984 F.2d at 424-25; N.D. Cal. Civil L.R. 37-2. Further, "if the sought-after documents are not relevant or reasonably calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed upon [the nonparty] would be by definition 'undue.'" *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) (emphasis in original). "Even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit. *Mannington Mills, Inc. v. Armstrong World Ind., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002) (citing *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990).

Here, Frenkel has declared that he had no communications with Fish regarding ICR, Harris, James Parker, the Chicago case, Niro, or NSHN.[8] Frenkel Decl. ¶¶ 19-24. Movants have nothing – other than improper, conclusory attorney argument – to support their claim that testimony and documents from Frenkel are relevant to the Chicago case or calculated to lead to the discovery of admissible evidence in the Chicago case. It is well established that "requested information is not relevant to 'subject matter involved' in the pending action if the inquiry is based on the party's mere suspicion or speculation." *Micro Motion, Inc.*, 894 F.2d at 1327; *Ameristar Jet Charter, Inc. v. Signal Composites,*

---

[8] Neither did Frenkel have any communications with Fish about Courtney Sherrer, although it is unclear what relevance she has to the Chicago case. Frenkel Decl. ¶ 25.

RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008

1  *Inc.*, 244 F.3d 189, 193 (1st Cir. 2001) ("[A] party may not undertake wholly exploratory

2  operations in the vague hope that something helpful will turn up.").  Further, the use of a

3  subpoena to uncover evidence to show that a plaintiff has a legitimate claim is improper.

4  *Micro Motion, Inc.*, 894 F.2d at 1327 ("The discovery rules are designed to assist a party

5  to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it

6

7  has any basis for a claim. … That the discovery might uncover evidence showing that a

8  plaintiff has a legitimate claim does not justify the discovery request.") (emphasis in

9  original) (citations omitted).  More is required than a bare allegation before a party will be

10  required to "undertake financial burdens and risks to further a plaintiff's case."  *Id.*

11  Accordingly, it is not sufficient for Movants to merely argue, by conclusory allegations,

12  that the information it seeks is relevant to its claims in the Chicago case.  For this reason

13  alone, the Court should deny the Motion to Compel.

14

15      Similarly, the Court should deny the Motion to Compel because the Motion to

16  Compel violates Local Rule 37-2, which requires that Movants:

17      <u>must</u> detail the basis for the party's contention that it is entitled to the

18      requested discovery and must show how the proportionality and other

19      requirements of FRCivP 26(b)(2) are satisfied.

20

21  N.D. Cal. Civil L.R. 37-2 (emphasis added).  Movants failed to comply with both

22  requirements by failing to explain why they are entitled to each of their ten (10) requests

23  for testimony and documents and by failing to demonstrate how they have satisfied Rule

24  26(b)(2)'s limitations on the scope of discovery.  The Motion to Comply offered only

25  cursory allegations of Movants' need for testimony and documents from Frenkel and did

26  not "detail the basis" for their contentions that they are entitled to such information.

27  Movants also failed to meet their burden to establish why they are entitled to the scope of

28

RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER
FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008

each discovery request, and to show that the scope of each discovery request does not impose undue burden on Frenkel, a non-party. FED. R. CIV. P. 26(b)(2). Because Movants have failed to provide specific justification of the relevance and proportionality of each discovery request, Movants have failed to meet their burden under Local Rule 37-2, and therefore the Court should deny the Motion to Compel.

2.    Certain Requests for Testimony and Documents Call For Information Not Relevant to the Chicago Case But Which May Be at Issue In the Arkansas and Texas Litigation.

Frenkel's PTT is a popular website that provides interesting, timely and important information to the patent community and others. Frenkel Decl. ¶¶ 3-4, 9. As the name would suggest, its point of view was sometimes critical of shell corporations established solely for the purpose of filing patent litigation (colloquially known as "patent trolls") and thus, a counterpoint to Harris's website and Niro's written articles which generally extolled their virtue. *Id.* at ¶ 6. A PTT posting on October 18, 2007 has resulted in defamation litigation in separate federal courts in Arkansas (Texarkana) and Texas (Tyler) brought by two attorneys (not Niro or his firm).

The following discovery requests from the subpoena might have relevance to the Arkansas and Texas litigation but would seem to have nothing to do with the claims and defenses in the Chicago case:

5. Factual bases for Patent Troll Tracker blog articles identified in Exhibits A to C.

6. Investigative materials, sources for, and procedure for Patent Troll Tracker blog articles identified in Exhibits A to C.

7. All Patent Troll Tracker blog entries concerning Scott Harris, Raymond P. Niro, NSHN, James B. Parker, Courtney Sherrer, or the relevant lawsuit.

RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER
FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008

8. The origin and history of the Patent Troll Tracker blog.

9. The decisions on subjects, including but not limited to Scott Harris, Raymond P. Niro, NSHN, James B. Parker, Courtney Sherrer, addressed in the Patent Troll Tracker blog.

Using the subpoena power of the court to divulge information for an unrelated case is, of course, improper. *See U.S. v. Santiago-Lugo*, 904 F. Supp. 43, 47-48 (D.P.R. 1995) (holding that the use of civil subpoenas to discover evidence for an unrelated case was an improper "fishing expedition" and an abuse of the subpoena power). Accordingly, Frenkel respectfully requests that the Court deny the Motion to Compel.

B.      THE MOTION TO COMPEL SEEKS DISCLOSURE OF PRIVILEGED AND PROTECTED MATERIAL.

The Motion to Compel requests this Court to order Frenkel to provide information protected from discovery by the Reporter's Privilege doctrine, the California Shield Law, the Attorney Client Privilege, and the Work Product Rule. As demonstrated below, all of these protections apply to prevent Movants from compelling testimony and forcing production by Frenkel. Accordingly, this Court should deny the Motion to Compel.

1.      The Reporter's Privilege and California Shield Law.

Movants seek to compel Frenkel, a non-party lawyer-journalist, to provide testimony and produce documents regarding confidential sources and unpublished information protected from discovery by the Reporter's Privilege doctrine and the California Shield Law. *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (recognizing the Reporter's Privilege as "[s]ociety's interest in protecting the integrity of the newsgathering process, and in insuring the free flow of information to the public is an interest 'of sufficient social importance to justify some incidental sacrifice of sources of

16

facts needed in the administration of justice.'" (quoting *Herbert v. Lando*, 441 U.S. 153, 183 (1979) (Brennan, J. dissenting))); *Jaffee v. Redmond*, 518 U.S. 1, 10-15 (1996); CALIF. CONST. ART. I § 2(b); CAL. EVID. CODE § 1070(a); CAL. CIV. PRO. CODE § 1986.1. Indeed, all ten (10) of Movants' discovery requests seek information or material subject to these important constitutional and statutory protections. Movants do not offer any justification whatsoever for this Court to disregard the Reporter's Privilege doctrine and the California Shield Law.

In his Motion to Quash and Memorandum of Points and Authorities (N.D. Cal. Case 5:08-mc-80075-JF-HRL, docket no. 4), Frenkel extensively briefed this Court on why Movants are not entitled to discovery under the Reporter's Privilege doctrine and the California Shield Law. Babcock Decl. ¶ 9, Ex. B-7. Accordingly, Frenkel will not repeat the facts and arguments presented in Frenkel's Motion to Quash on this issue, but Frenkel fully incorporates herein those portions of Frenkel's Motion to Quash discussing the Reporter's Privilege doctrine, the California Shield Law, and the facts underlying both. Because the Motion to Compel seeks to require Frenkel to provide testimony and produce documents fully protected by the Reporter's Privilege doctrine and the California Shield Law without sufficient – indeed, any – justification, the Court should deny the Motion to Compel.

2.    The Attorney Client Privilege and the Work Product Rule.

Moreover, certain requests in Movants' subpoena seek to require Frenkel to reveal information that is protected from discovery by the Attorney Client Privilege and the Work Product Rule, protections owned and asserted by Frenkel's employer, Cisco. Frenkel agrees with and joins in Cisco's Memorandum in Opposition to the Motion to Compel, filed concurrently herewith and fully incorporated herein by reference.

RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008

Accordingly, Frenkel will not repeat the facts and arguments presented in that opposition here.  Frenkel also fully incorporates herein by reference Cisco's Motion to Quash and Memorandum of Points and Authorities, which was filed on April 7, 2008 (N.D. Cal. Case 5:08-mc-80075-JF-HRL, docket no. 1).  Babcock Decl. ¶ 10, Ex. B-8.  Because the Motion to Compel seeks to require Frenkel to provide testimony and produce documents fully protected by the Attorney Client Privilege and the Work Product Rule without sufficient – indeed, any – justification, the Court should deny the Motion to Compel.

C.    THE DISCOVERY SOUGHT FROM FRENKEL AS A NON-PARTY IS UNDULY BURDENSOME.

Movants' requests for discovery are unduly burdensome because they attempt to require Frenkel to undertake the burden associated with providing testimony and producing documents that are not relevant nor calculated to lead to the discovery of admissible evidence.  As discussed above, Frenkel is not a party to the Chicago case, and had no communications with Fish regarding ICR, Harris, James Parker, the Chicago case, Niro, NSHN, or Sherrer.  Frenkel Decl. ¶¶ 19-25.  Moreover, Movants' subpoena and Motion to Compel is based on nothing more than a mere suspicion or speculation that Frenkel was somehow involved in Fish's alleged tortious interference with ICR's licensing activity.  Indeed, the Motion to Compel fails to offer any explanation – other than improper, conclusory allegations – of how Frenkel had any involvement in the alleged conduct at issue in the Chicago case.  Because Movants' discovery requests do not seek information that is relevant or calculated to lead to the discovery of admissible evidence, they are by definition unduly burdensome.  *Compaq Computer Corp.*, 163 F.R.D. at 335-36 ("[I]f the sought-after documents are not relevant nor calculated to lead

18

1   to the discovery of admissible evidence, then *any burden whatsoever* imposed upon [the

2   nonparty] would be by definition 'undue.'") (emphasis in original).

3       In addition, the benefit of the discovery requests to the Chicago case cannot

4   possibly be outweighed by the burdens on Frenkel in complying with the subpoena,

5   especially given the important constitutional and statutory protections afforded Frenkel as

6   a non-party lawyer-journalist.  Frenkel Decl. ¶¶ 15-16, 18.  It is telling that in their Motion

7   to Compel Movants do not even attempt to balance the benefits of discovery versus the

8   burdens on Frenkel.  This Court requires such balancing, and without a sufficient showing

9   that the benefits outweigh the burdens, it will not permit discovery from a non-party.

10  *Nidec Corp. v. Victor Co. of Japan*, No. C-05-0686, 2007 WL 1994171, *2 (N.D. Cal.

11  July 5, 2007) (granting non-party's motion to quash subpoena because "[t]he burden on

12  the third party … outweigh[ed] the likely benefit of the subpoena"), Babcock Decl. ¶ 11,

13  Ex. B-9; *see* FED. R. CIV. P. 26(b).

14      Moreover, the Motion to Compel fails to articulate how the discovery requests are

15  tailored to the immediate needs of the Chicago case.  By way of example, each of

16  Movants' ten (10) discovery requests contain no time limitation.  Frenkel Decl. ¶ 12, Ex.

17  A-1.  The Ninth Circuit has quashed subpoenas under similar circumstances.  *Mattel, Inc.*

18  *v. Walking Mt. Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (affirming quashing of subpoena

19  where "no attempt had been made to try to tailor the information request to the immediate

20  needs of the case").

21      Frenkel is not a party to the Chicago case and did not have any involvement in

22  Fish's alleged tortious interference with ICR's licensing activity.  Frenkel Decl. ¶ 12.  As

23  a result, Movants must meet a high burden to justify any discovery from Frenkel.  *See*

19

1   *Dart Indus.*, 649 F.2d at 649; *Katz*, 984 F.2d at 424. Movants have failed to meet this

2   burden. Accordingly, the Court should deny their Motion to Compel.

3       D.    TIMING OF THE DEPOSITION.

4       Movants claimed that there was an urgent need to take Frenkel's deposition

5   immediately and asked the Court to advance the hearing date by three weeks, but that

6

7   motion was rejected by this Court. It is apparent that additional parties will be added to

8   the Chicago case. If any deposition of Frenkel is to be taken, it is requested that all parties

9   be joined before the deposition is held.

10  **V.    CONCLUSION**

11      For all of the foregoing reasons, Frenkel respectfully requests that the Court deny

12  Movants' Motion to Compel. In the alternative, if the Court grants the Motion to Compel,

13  Frenkel respectfully requests that the Court stay its order for thirty (30) days to allow

14  Frenkel the opportunity to seek guidance from the United States District Court for the

15  Northern District of Illinois, Eastern Division, where the Chicago case is pending,

16

17  concerning its view of the scope of allowable discovery. *See In re Coan*, No. C 06-80350

18  MISC SI, 2007 WL 128010, *4 (N.D. Cal. Jan. 12, 2007) (staying order granting motion

19  to compel to allow non-party witness to seek guidance on scope of allowable discovery

20  from court in underlying litigation). Babcock Decl. ¶ 12, Ex. B-10. In further alternative,

21  Frenkel respectfully requests that the Court permit the deposition of Frenkel only after all

22  parties to the Chicago case have been joined and answered.

23

24

25

26

27

28

20   RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER
FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008

1   Dated: April 21, 2008                    MORGAN, LEWIS & BOCKIUS LLP

2                                            By _____ /s/ _____

3                                                Howard Holderness

4                                            Attorneys for Respondent
                                             RICHARD FRENKEL

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

1

2    Dated: April 21, 2008                    JACKSON WALKER L.L.P.

3                                             By *Charles L. Babcock*
                                                 Charles L. Babcock
4
                                             Attorneys for Respondent
5                                            RICHARD FRENKEL

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER
FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008

1

2   Dated: April 21, 2008                    LAW OFFICE OF GEORGE L. MCWILLIAMS,
                                             P.C.
3

4                                            By
                                                George L. McWilliams
5
                                             Attorneys for Respondent
6                                            RICHARD FRENKEL

7

8
    5085008v.2
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23        RICHARD FRENKEL'S OPPOSITION TO MOTION UNDER
          FED.R.CIV.P. 45 OF ILLINOIS COMPUTER RESEARCH LLC AND
          SCOTT C. HARRIS TO COMPEL RICHARD FRENKEL'S
          DEPOSITION AND DOCUMENT PRODUCTION IN APRIL 2008