Howard Holderness, CA Bar No. 169814
MORGAN, LEWIS & BOCKIUS LLP
1 Market Street, Spear Tower, 25th Floor
San Francisco, CA 94105
(415) 442-1000 (Telephone)
(415) 442-1001 (Facsimile)

Charles L. Babcock, IV, TX Bar No. 01479500
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Admitted Pro Hac Vice
(713) 752-4200 (Telephone)
(713) 752-4221 (Facsimile)

Attorneys for Movant
CISCO SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC,<br>    Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>FISH & RICHARDSON P.C.,<br>    Defendant, Counterclaimant and Third<br>    Party Plaintiff,<br><br>vs.<br><br>SCOTT C. HARRIS,<br>    Third-Party Defendant and<br>    Counterclaimant<br><br>vs.<br><br>FISH & RICHARDSON P.C.,<br>    Defendant, Counterclaimant, Third<br>    Party Plaintiff and Counterclaim<br>    Defendant | Miscellaneous Action No.<br>CV 5:08-mc-80075-JF (HRL)<br><br>**CISCO SYSTEMS, INC.'S REPLY TO ICR'S AND HARRIS' RESPONSE TO FRENKEL'S AND CISCO'S MOTION TO QUASH ICR'S SUBPOENA FOR DOCUMENTS AND TESTIMONY**<br><br>**DATE: MAY 13, 2008**<br>**TIME: 10:00 A.M.**<br>**COURTROOM 2**<br><br>Hon. Magistrate Judge Howard Lloyd |

I. **STATEMENT OF ISSUES – N.D. CAL. CIVIL L.R. 7-4(A)(3)**

Whether Richard Frenkel ("Frenkel"), a non-party witness, should be compelled to testify and produce documents.

II. **INTRODUCTION**

Cisco Systems, Inc. ("Cisco") submits this Reply to Illinois Computer Research LLC's ("ICR") and Scott C. Harris' ("Harris") Response to Frenkel's and Cisco's Motions to Quash ICR's Subpoena for Documents and Testimony ("Response"). As the employer of Frenkel, Cisco agrees with and joins in Frenkel's Reply to the Response, filed concurrently herewith and fully incorporated herein by reference. Accordingly, Cisco will not repeat all of the facts and arguments presented in that Reply here, but will set forth its position and provide additional reasons why this Court should grant Cisco's and Frenkel's Motions to Quash and for Protective Order.

Cisco takes this opportunity to respond to and refute a false statement made by Issuers in their Response. It is not true that "Cisco promptly muzzled [Frenkel] by insisting that his [Patent Troll Tracker website ("PTT")] could continue to operate 'by invitation only.'" Response p. 3. To the contrary, Cisco did not "muzzle" Frenkel, and the decision to make the PTT available by invitation only is his alone.

III. **FRENKEL AND CISCO ARE NOT REQUIRED TO SUBMIT A PRIVILEGE LOG BEFORE THE COURT RULES ON FRENKEL'S OBJECTIONS TO THE SCOPE OF THE SUBPOENA (REPLY TO RESPONSE AT PP. 7-10; 21-22)**

As discussed in Section V of Frenkel's Reply, Frenkel and Cisco need not submit a privilege log unless and until the court rules on Frenkel's objections to the scope of the subpoena. Cisco agrees with and fully incorporates herein Section V of Frenkel's Reply.

IV. **THE FACT THAT FRENKEL WAS ACTING AS A REPORTER DOES NOT "DOOM" CISCO'S PRIVILEGE CLAIMS (REPLY TO RESPONSE AT PP. 21-22)**

Issuers argue that Cisco "cannot maintain any claim of attorney-client privilege" because

Frenkel is a reporter. Response p. 21. Issuers misunderstand Cisco's privilege claims and underestimate the reach of their subpoena request nos. 1, 3, and 4. Indeed, Cisco seeks protection under the Attorney Client Privilege and/or the Work Product Rule because some or all of the documents in Frenkel's care, custody, or control which are responsive to the following requests are protected from disclosure:

1. Communications with Kathi Lutton concerning Scott Harris, Raymond P. Niro, NSHN, James B. Parker, Courtney Sherrer, Fish and Richardson or the relevant lawsuit;
3. Communications with Fish or its counsel concerning Scott Harris, NSHN, James B. Parker, Courtney Sherrer, Raymond P. Niro or the relevant lawsuit, including without limitation, an identity of the individuals from Fish with whom communications were made and the substance of those communications; and
4. All lawsuits where Fish was retained by Cisco for representation, including any in which Kathi Lutton filed an appearance.

Regardless of whether Frenkel is considered a reporter or not, he is a Cisco employee who has – because of his role as a lawyer for Cisco – documents that are covered by the Attorney Client Privilege and the Work Product Rule in his care, custody, or control. If forced to comply with Issuers' subpoena request nos. 1, 3, and 4, Frenkel would reveal protected information, as discussed in Section IV.A of Cisco's Motion to Quash Subpoena. Friedman Decl. ¶¶ 4-5. That is why Cisco seeks protection under the Attorney Client Privilege and Work Product Rule.

Issuers have not, and cannot, explain – much less prove – how subpoena request nos. 1, 3, and 4 are exempt from the protections afforded to Cisco by the Attorney Client Privilege and the Work Product Rule, or how such protections were waived. Accordingly, the Court should quash the subpoena with respect to subpoena request nos. 1, 3, and 4.

| | | |
|---|---|---|
| 1 | Dated: April 29, 2008 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | By /s/ Howard Holderness |
| 3 | | Howard Holderness |
| 4 | | Attorneys for Movant<br>CISCO SYSTEMS, INC. |
| 5 | | |
| 6 | Dated: April 29, 2008 | JACKSON WALKER L.L.P. |
| 7 | | By /s/ Charles L. Babcock |
| 8 | | Charles L. Babcock |
| 9 | | Attorneys for Movant<br>CISCO SYSTEMS, INC. |

| | | |
|---|---|---|
| 1 | Dated: April 29, 2008 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | |
| 3 | | By _____<br>Howard Holderness |
| 4 | | Attorneys for Movant<br>CISCO SYSTEMS, INC. |
| 5 | | |
| 6 | Dated: April 29, 2008 | JACKSON WALKER L.L.P. |
| 7 | | By   /s/ Charles L. Babcock<br>       Charles L. Babcock |
| 8 | | |
| 9 | | Attorneys for Movant<br>CISCO SYSTEMS, INC. |

3

CISCO SYSTEMS, INC.'S REPLY TO ICR'S AND HARRIS'
RESPONSE TO FRENKEL'S AND CISCO'S MOTIONS TO QUASH
ICR'S SUBPOENA FOR DOCUMENTS AND TESTIMONY