Howard Holderness, CA Bar No. 169814
MORGAN, LEWIS & BOCKIUS LLP
1 Market Street, Spear Tower, 25th Floor
San Francisco, CA 94105
(415) 442-1000 (Telephone)
(415) 442-1001 (Facsimile)

Charles L. Babcock, IV, TX Bar No. 01479500
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Admitted Pro Hac Vice
(713) 752-4200 (Telephone)
(713) 752-4221 (Facsimile)

George L. McWilliams
LAW OFFICE OF GEORGE L. MCWILLIAMS, P.C.
TX Bar No. 13877000; AR Bar No. 68078
406 Walnut, P.O. Box 58
Texarkana, ARK-TX 75504-0058
Admitted Pro Hac Vice
(903) 277-0098 (Telephone)
(870) 773-2967 (Facsimile)

Attorneys for Movant
RICHARD FRENKEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLINOIS COMPUTER RESEARCH, LLC,<br>   Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>FISH & RICHARDSON P.C.,<br>   Defendant, Counterclaimant and Third Party Plaintiff,<br><br>vs.<br><br>SCOTT C. HARRIS,<br>   Third-Party Defendant and Counterclaimant<br><br>vs.<br><br>FISH & RICHARDSON P.C.,<br>   Defendant, Counterclaimant, Third Party Plaintiff and Counterclaim Defendant | Miscellaneous Action No.<br>CV 5:08-mc-80075-JF (HRL)<br><br>**RICHARD FRENKEL'S SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER** |

I, RICHARD FRENKEL, declare and state as follows:

I make this supplemental declaration in support of my Motion to Quash Subpoena and for Protective Order; and in support of Cisco Systems, Inc.'s Motion to Quash Subpoena Served on Richard Frenkel and for Protective Order. I have personal knowledge of the following facts and, if called as a witness, could and would testify thereto. I incorporate herein by reference my Declaration in Support of Richard Frenkel's and Cisco's Systems, Inc.'s Motions to Quash Subpoena and Motions for Protective Order filed on April 7, 2008 (N.D. Cal. Case 5:08-mc-80075-JF-HRL, docket no. 6).

1. I am one of a number of lawyers employed by Cisco Systems, Inc. ("Cisco") to oversee the company's intellectual property litigation

2. I have had no communication with Katherine Lutton ("Lutton"), John Steele ("Steele"), John Dragseth ("Dragseth"), or anyone else at Fish & Richardson, P.C. ("Fish") regarding Scott C. Harris ("Harris").

3. I have had no communication with Lutton, Steele, Dragseth, or anyone else at Fish regarding Illinois Computer Research ("ICR").

4. I have had no communication with Lutton, Steele, Dragseth, or anyone else at Fish regarding James Beauregard Parker ("Parker").

5. I have had no communication with Lutton, Steele, Dragseth, or anyone else at Fish regarding the Chicago litigation involving ICR, Fish, and Harris.

6. I have had no communication with Lutton, Steele, Dragseth, or anyone else at Fish regarding Raymond P. Niro ("Niro").

7. I have had no communication with Lutton, Steele, Dragseth, or anyone else at Fish regarding the Niro Scavone law firm.

8. I have had no communication with Lutton, Steele, Dragseth, or anyone else at Fish regarding Courtney Sherrer ("Scherrer").

9. I have never met nor spoken to Dragseth, except for a single webinar on May 30, 2007 that we both participated in.

10. I have never met nor spoken to Steele.

11. I have never met nor spoken to Michelle Lee ("Lee").

12. I have had no communication with Lee or anyone else at Google regarding Harris; ICR; Parker; the Chicago litigation involving ICR, Fish, and Harris; Niro; the Niro Scavone law firm; or Sherrer.

13. I did not have any involvement in the alleged tortious interference with ICR's and Harris' licensing and enforcement of the Harris patents or in allegedly defaming Harris nor did Fish or Google use me as "a vehicle" to do anything. Moreover, I did not "target" Harris, his lawyers, or owners of the Harris patents.

14. In mid-November 2007, it is my understanding that Cisco hired Fish to take over representation of Cisco in a patent infringement case pending in Delaware. It is not true that I personally retained Fish on behalf of my employer, Cisco. I was not even involved in the interviews of Fish, if there were any. To the best of my knowledge, the Delaware litigation is the only litigation matter where Fish represents Cisco. Although I do not have direct responsibility for this Delaware litigation involving Fish, I have been indirectly involved in that litigation. I have supervised a Cisco lawyer who has direct involvement in the Delaware litigation.

15. As author of the Patent Troll Tracker website ("PTT"), I had at the inception of the newsgathering process the intent to disseminate to the public the information I sought, gathered, or received in connection with the PTT.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2008.

*[signature]*

Richard Frenkel

3.  RICHARD FRENKEL'S SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER